DAVID B. AVAKIAN
Nevada Bar No. 009502
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
David.Avakian@lewisbrisbois.com

Attorneys for Defendant sued as NARCONON
FRESH START d/b/a RAINBOW CANYON
RETREAT

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORI WINCHELL, a Nevada Citizen; RYAN Winchell, a Nevada Citizen; and JILLENE WINCHELL, a Nevada Citizen<br><br>Plaintiffs,<br><br>vs.<br><br>NARCONON FRESH START d/b/a RAINBOW CANYON RETREAT, a California Corporation; ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL; and DOES 1-100, ROE Corporations I-X, inclusive,<br><br>Defendants. | CASE NO.  2:14-cv-00851-MMD-CWH<br><br>**DEFENDANT NARCONON FRESH START D/B/A RAINBOW CANYON RETREAT'S ANSWER TO PLAINTIFFS' COMPLAINT** |

COMES NOW, Defendant NARCONON FRESH START, d/b/a RAINBOW CANYON RETREAT, a California Corporation" (hereinafter Defendant or "FRESH START") by and through its counsel LEWIS BRISBOIS BISGAARD & SMITH, LLP, and hereby submits its Answer to the Complaint filed by LORI WINCHELL, a Nevada Citizen; RYAN WINCHELL, a Nevada Citizen; and JILLENE WINCHELL, a Nevada Citizen (hereinafter, "Plaintiff" or "WINCHELL") and alleges and states as follows:

## I.

## PARTIES

1. Referring to the allegations contained in Paragraph 1, Defendant is without information sufficient to form a belief that would allow it to admit or deny said allegations.

2. Referring to the allegations contained in Paragraph 2, Defendant admits said allegations.

3. Referring to the allegations contained in Paragraph 3, Defendant admits said allegations.

4. Referring to the allegations contained in Paragraph 4, Defendant denies said allegations.

5. Referring to the allegations contained in Paragraph 5, Defendant is without information sufficient to form a belief that would allow it to admit or deny said allegations.

6. Referring to the allegations contained in Paragraph 6, Defendant denies said allegations.

7. Referring to the allegations contained in Paragraph 7, Defendant admits said allegations.

8. Referring to the allegations contained in Paragraph 8, Defendant denies said allegations.

9. Referring to the allegations contained in Paragraph 9, Defendant is without information sufficient to form a belief that would allow it to admit or deny said allegations.

10. Referring to the allegations contained in Paragraph 10, Defendant asks the Court to strike the paragraph on the basis that it is an improper pleading of "doe" allegations. In the event the Court does not strike Paragraph 10, insofar as it is intended to pertain to FRESH START, Defendant denies said allegations.

## II.

## JURISDICTION AND VENUE

11. Referring to the allegations contained in Paragraph 11, Defendant denies that WINCHELL has standing to sue under 28 U.S.C. Section 1332 and instead alleges that the state

1  law claims must be dismissed for lack of subject matter jurisdiction. Defendant denies that any
2  Plaintiff's damages will exceed $75,000, based upon information and belief.
3  　　　12.　　Referring to the allegations contained in Paragraph 12, Defendant admits said
4  allegations to the extent they are asserted to establish the jurisdiction and venue of the Court. To
5  the extent that any allegation in Paragraph 12 asserts any cause of action against this Defendant,
6  said allegations are specifically denied.

### III.

### FACTUAL ALLEGATIONS

　　　13.　　Referring to allegations in Paragraph 13, Defendant has no knowledge upon which to admit or deny the allegations of said Paragraph and therefore denies them, except that FRESH START admits that a telephone conversation occurred between LORI WINCHELL and Fresh Start Intake Counselor Tonya Lawson (Lawson) at some time prior to June 25, 2012 concerning RYAN WINCHELL.

　　　14.　　Referring to the allegations made in Paragraph 14, Defendant denies the Paragraph and specifically denies that Lawson made any false representations of fact to LORI WINCHELL regarding RYAN WINCHELL'S admission to the Fresh Start Program.

　　　15.　　Referring to the allegations contained in Paragraph 15, Defendant denies the Paragraph and specifically denies that it made any false representation to Plaintiffs that RYAN WINCHELL would be under the care of medical professionals such as doctors or nurses at FRESH START.

　　　16.　　Referring to the allegations contained in Paragraph 16, Defendant denies the Paragraph as written. Defendant specifically denies that Lawson made any false representation to Plaintiffs with regard to either "substance abuse counseling" or "highly trained addictions counselors" as alleged in the Paragraph.

　　　17.　　Referring to the allegations in the first sentence of Paragraph 17, Defendant denies that Lawson  stated that the FRESH START program had a "76% success rate" and denies that Lawson made any false representation to any Plaintiff as stated in the Paragraph.

/ / /

1. 18. Referring to the allegations in Paragraph 18, Defendant denies said allegations and that Lawson made any false representation to any WINCHELL Plaintiff as alleged.

2. 19. Referring to the allegations in Paragraph 19, Defendant denies said allegations and that Lawson made any false representation to any WINCHELL Plaintiff as alleged.

3. 20. Referring to the allegations in Paragraph 20, Defendant denies that that Lawson made any false representation to any WINCHELL Plaintiff as stated in the Paragraph. Defendant is without information sufficient to form a belief that would allow it to admit or deny the remaining allegations in the Paragraph.

4. 21. Referring to the allegations in Paragraph 21, Defendant admits that LORI WINCHELL paid half of RYAN WINCHELL'S program fees by credit card but denies the balance of the Paragraph.

5. 22. Referring to the allegations in Paragraph 22, Defendant denies that Exhibit A is the contract between these parties and alleges instead that the misassembled document, as presented, includes the Rainbow Canyon Retreat Consumer Service Policy Statement and a Responsible Party Payment Agreement which are neither dated nor signed. Defendant specifically denies that Exhibit A is a contract between these parties.

6. 23. Referring to the allegations in Paragraph 23, the Paragraph is vague and ambiguous, precluding a response. The document marked Exhibit A is the best evidence of its contents.

7. 24. Referring to the allegations in Paragraph 24, Defendant denies that Exhibit A is a contract and denies the balance of the allegations in the Paragraph.

8. 25. Referring to the allegations in Paragraph 25, this Defendant denies said allegations.

9. 26. Referring to the allegations in Paragraph 26, Defendant denies the Paragraph for lack of information and belief.

10. 27. Referring to the allegations in Paragraph 27, this Defendant is without information or belief upon which to admit or deny the allegations and for reason denies the Paragraph as written.

///



28. Referring to the allegations in Paragraph 28, Defendant is without information or belief upon which to admit or deny the allegations and for reason denies the Paragraph as written.

29. Referring to the allegations in Paragraph 29, the Paragraph is vague and ambiguous, precluding a meaningful response.

30. Referring to the allegations in Paragraph 30, Defendant denies said allegations.

31. Referring to the allegations in Paragraph 31, this Defendant denies said allegations.

32. Referring to the allegations in Paragraph 32, this Defendant denies said allegations.

33. Referring to the allegations in Paragraph 33, this Defendant denies said allegations.

34. Referring to the allegations in Paragraph 34, Defendant denies said allegations.

35. Referring to the allegations in Paragraph 35, Paragraph 35 is based on inadmissible hearsay so that no response is required. To the extent a response may be deemed required, the Paragraph is denied.

36. Referring to the allegations in Paragraph 36, Paragraph 36 is based on the pleader's legal conclusion rather than facts which must be admitted or denied. Should a response be deemed required, said allegations are denied.

37. Referring to the allegations in Paragraph 37, as to the first sentence of the paragraph, Defendant denies the allegations for lack of information and belief. As to the second sentence, Defendant denies the sentence and specifically denies the allegation that "Fresh Start does not believe in the use of psychologists or therapists."

38. Referring to the allegations in Paragraph 38, Defendant admits that its sauna program is part of the New Life Detoxification Program and admits that use of Niacin and "vitamin bombs" were part of its treatment program. Defendant further admits that exercise is utilized at times prior to entering the sauna. Defendant specifically denies the balance of the paragraph and specifically denies that FRESH START "had RYAN WINCHELL ingest extreme doses of Niacin as part of the sauna program."

39. Referring to allegations in Paragraph 39, the paragraph is admitted, but the inference in the Paragraph that medical oversight of RYAN WINCHELL in the sauna was medically required is denied.

40. Referring to allegations in Paragraph 40, Defendant denies said allegations.

41. Referring to allegations in Paragraph 41 said Paragraph does not contain any material facts which require a response. To the extent a response may be deemed required, Defendant asserts that it is without knowledge or information to address the cited testimony without being provided a full transcript. The pages provided in the referenced Exhibit B are not verified by the witness, nor is the court reporter's certificate provided, without which the testimony is inadmissible for any purpose so that the Court should strike this Paragraph.

42. Referring to the allegations contained in Paragraph 42, Paragraph 42 is based upon inadmissible hearsay so that no meaningful response can be given. To the extent that a response may be deemed required, the paragraph is denied.

43. Referring to the allegations contained in Paragraph 35, Defendant denies said allegations .

44. Referring to the allegations contained in Paragraph 44, Defendant denies said allegations on the grounds that the Paragraph uses the undefined term "Narconon" and Defendant does not know to which entity this refers. Defendant further states that the unnumbered paragraph which follows at page 7, line 19 through page 8, line 8, does not contain any allegations which require a response. To the extent a response may be deemed required, Defendant asserts that it is without knowledge or information to address the cited testimony without being provided a full transcript. The pages provided in the referenced Exhibit B are not verified by the witness, nor is the court reporter's certificate provided, without which the testimony is inadmissible for any purpose so that the Court should strike this Paragraph.

45. Referring to the allegations contained in Paragraph 45, Defendant denies the paragraph generally and denies that it ". . . advertised a 76% success rate to Plaintiffs" and denies that there is any such reference in Plaintiff's Exhibit A.

46. Referring to the allegations contained in Paragraph 46, Defendant denies said allegations generally and on the grounds that the Paragraph uses the undefined term "Narconon" and Defendant does not know to which entity this refers.

/ / /

47. Referring to the allegations contained in Paragraph 47, this Defendant denies said allegations generally and on the grounds that the Paragraph uses the undefined term "Narconon" and Defendant does not know to which entity this refers.

48. Referring to the allegations contained in Paragraph 48, Defendant is without information or knowledge upon which to base a response to Paragraph 48 and, for that reason, denies said allegations.

49. Referring to the allegations contained in Paragraph 41, this Defendant denies said allegations.

## RESPONSES TO CLAIMS OF ALTER EGO LIABILITY

50. In response to Paragraph 50, Defendant incorporates by reference its responses to paragraphs 1-49 as if fully set 0forth herein.

51. Referring to the allegations contained in Paragraph 51, this Defendant denies said allegations.

52. Referring to the allegations contained in Paragraph 52, this Defendant denies said allegations.

53. Referring to the allegations contained in Paragraph 53, this Defendant denies said allegations.

54. Referring to the allegations contained in Paragraph 54, this Defendant denies said allegations.

55. Referring to the allegations contained in Paragraph 55, this Defendant denies said allegations.

## RESPONSES TO FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

56. In response to Paragraph 56, Defendant incorporates by reference its responses to Paragraphs 1-55 as if fully set forth herein.

57. Referring to the allegations contained in Paragraph 57, the Paragraph denies said allegations. Defendant specifically denies that Exhibit A is a contract between Plaintiffs and FRESH START. Exhibit A speaks for itself.

58. Referring to the allegations contained in Paragraph 58, Defendant denies said allegations.

59. Referring to the allegations contained in Paragraph 59, Defendant denies said allegations.

### RESPONSES TO SECOND CLAIM FOR RELIEF

### (FRAUD)

60. In response to Paragraph 60, Defendant incorporates by reference its responses to Paragraphs 1-59 as if fully set forth herein.

61. Referring to the allegations contained in Paragraph 61, Defendant denies making any false statements as alleged.

62. Referring to the allegations contained in Paragraph 62, the Paragraph states the legal conclusions of the pleader rather than facts which must be admitted or denied. Too the extent a response may be required, said allegations are denied.

63. Referring to the allegations contained in Paragraph 63, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 63 and, for that reason, denies them.

64. Referring to the allegations contained in Paragraph 64, Defendant denies said allegations.

### RESPONSES TO THIRD CLAIM FOR RELIEF

### (NEGLIGENCE)

65. In response to Paragraph 65, Defendant incorporates by reference its responses to Paragraphs 1-64 as if fully set forth herein.

66. Referring to the allegations contained in Paragraph 66, said Paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent as response to Paragraph 66 may be required, said allegations are denied.

67. Referring to the allegations contained in Paragraph 67, Defendant denies said allegations.

68. Referring to the allegations contained in Paragraph 68, Defendant denies said allegations.

### RESPONSES TO FOURTH CLAIM FOR RELIEF

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. In response to Paragraph 69, Defendant incorporates by reference its responses to Paragraphs 1-68 as if fully set forth herein.

70. Referring to the allegations contained in Paragraph 70, Defendant denies said allegations.

71. Referring to the allegations contained in Paragraph 71, Defendant denies said allegations.

### RESPONSES TO FIFTH CLAIM FOR RELIEF

### (NEGLIGENT MISREPRESENTATION)

72. In response to Paragraph 72, Defendant incorporates by reference its responses to Paragraphs 1-71 as if fully set forth herein.

73. Referring to the allegations contained in Paragraph 73, Defendant denies said allegations.

74. Referring to the allegations contained in Paragraph 74, the Paragraph states the legal conclusions of the pleader rather than facts which must be admitted or denied. To the extent that a response may be required, all said allegations are denied, except that Defendant admits that Fresh Start Intake Counselor Tonya Lawson spoke with LORI WINCHELL by telephone prior to June 25, 2012 about RYAN WINCHELL.

75. Referring to the allegations contained in Paragraph 75, Defendant is without information or knowledge as to what representations Plaintiffs relied upon in making the decision to enroll RYAN WINCHELL in the program but denies that any false statement allegedly made induced Plaintiffs to admit RYAN WINCHELL to the program and denies that any false statement was made.

76. Referring to the allegations contained in Paragraph 76, Defendant denies said allegations.

## RESPONSES TO SIXTH CLAIM FOR RELIEF

### (NEGLIGENCE *PER SE*)

77. In response to Paragraph 77, Defendant incorporates by reference its responses to Paragraphs 1-76 as if fully set forth herein.

78. Referring to the allegations contained in Paragraph 78, the first sentence of the paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent the first sentence of Paragraph 70 may be deemed to state facts which require a response, it is denied. Defendant specifically denies that NRS 630.160 applies to this case and/or that a medical license was required of FRESH START employees by NRS 630.160 as alleged in the Paragraph or that a medical license is required to prescribe Niacin or vitamins. As to the second sentence of Paragraph 80, Defendant denies said allegations.

79. Referring to the allegations contained in Paragraph 79, the Paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent a response may be required, said allegations are denied.

80. Referring to the allegations in Paragraph 80, said allegations are denied. Defendant specifically denies that WINCHELL'S admission to the FRESH START program subjected him to either physical or mental injuries and/or that he suffered any damage.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

### (CIVIL RICO FOR MAIL AND WIRE FRAUD, 18 U.S.C. 1964(c))

81. In response to Paragraph 81, Defendant incorporates by reference its responses to paragraphs 1-80 as if fully set forth herein.

82. Referring to the allegations contained in Paragraph 82, the Paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent that a response may be required, said allegations are denied.

83. Referring to the allegations contained in Paragraph 83, the Paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent a response may be required, said allegations are denied.

84. Referring to the allegations contained in Paragraph 84, the Paragraph is improperly based on inadmissible hearsay, speculation, conjecture, and the pleader's legal conclusions. No response is required. To the extent a response may be required, said allegations are denied.

85. Referring to the allegations contained in Paragraph 85, the Paragraph is improperly based on inadmissible hearsay, speculation, conjecture, and the pleader's legal conclusions. No response is required. To the extent a response may be required, said allegations are denied.

86. Referring to the allegations contained in Paragraph 86, the Paragraph is improperly based on inadmissible hearsay, speculation, conjecture, and the pleader's legal conclusions. No response is required. To the extent a response may be required, said allegations are denied. As to Exhibit C attached to the Complaint, the Exhibit's contents are neither properly documented nor authenticated by the operator of the website, nor does the totality of the material in the website from which they were drawn support the conclusions set out in the Paragraph.

87. Referring to the allegations contained in Paragraph 87, Defendant denies said allegations.

88. Referring to the allegations in Paragraph 88, Defendant denies said allegations.

## RESPONSES TO EIGHTH CLAIM FOR RELIEF

### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

89. In response to Paragraph 89, Defendant incorporates by reference its responses to Paragraphs 1-88 as if fully set forth herein.

90. Referring to the allegations contained in Paragraph 90, the Paragraph states the pleader's legal conclusion rather than facts which must be admitted or denied. To the extent the Paragraph may be deemed to state facts which require a response, said allegations are denied.

91. Referring to the allegations contained in Paragraph 91, this Defendant denies said allegations. Defendant is without information or knowledge sufficient to state a belief as to the truth of the allegation that Plaintiffs had "justified expectations" as described in the Paragraph, and, for that reason denies said allegations.

92. Referring to the allegations in Paragraph 92, Defendant denies said allegations.

/ / /

## RESPONSES TO NINTH CLAIM FOR RELIEF

### (CIVIL CONSPIRACY)

93. In response to Paragraph 93, Defendant incorporates by reference its responses to Paragraphs 1-92 as if fully set forth herein.

94. Referring to the allegations contained in Paragraph 94, Defendant denies said allegations.

95. Referring to the allegations contained in Paragraph 95, Defendant denies said allegations.

96. Referring to the allegations contained in Paragraph 96, Defendant denies said allegations.

## RESPONSES TO TENTH CLAIM FOR RELIEF

### (FRAUD CLAIMS PURSUANT TO NRS 41.600)

97. In response to Paragraph 97, Defendant incorporates by reference its responses to Paragraphs 1-96 as if fully set forth herein.

98. Referring to the allegations contained in Paragraph 98, the Paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent a response may be required, Defendant denies said allegations.

99. Referring to the allegations contained in Paragraph 99, the Paragraph states the pleader's legal conclusions rather than facts which must be admitted or denied. To the extent a response may be required; Defendant denies said allegations. Defendant specifically denies that the conduct described in the Paragraph states a cause of action which can be pursued under NRS 41.600 and/or NRS 598.0915 through 598.205, inclusive as a private cause of action.

100. Referring to the allegations contained in Paragraph 100, the Paragraph states the legal conclusions of the pleader rather than facts that must be admitted or denied. To the extent a response may be required, Defendant denies said allegations.

101. Referring to the allegations contained in Paragraph 101, Paragraph 101 states the legal conclusion of the pleader rather than facts which must be admitted or denied. To the extent

that Paragraph 101 may be deemed to contain facts which require a response, Defendant denies said allegations.

102. Referring to the allegations contained in Paragraph 102, Defendant denies the Paragraph as written and specifically denies that Plaintiffs are entitled to state claims for relief against this Defendant under NRS Ch. 41.600; denies that Plaintiffs are entitled to recover attorney's fees and costs of this action against this Defendant; denies that Plaintiffs are entitled to an award of damages against this Defendant; denies that Plaintiffs are entitled to injunctive relief as prayed.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against answering Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Honorable Court lacks subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not the real parties in interest entitled to pursue recovery of all categories of damages claims in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or subject to reduction by virtue of Plaintiffs' comparative fault, including the assumption of the risk of RYAN WINCHELL of which such assumption or comparative fault is imputed upon all Plaintiffs which either reduces or bars all such claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages, if any, are attributable to intervening or subsequent events for which this Defendant had no right of control.

## SIXTH AFFIRMATIVE DEFENSE

That some or all of the Plaintiffs' claimed non-economic damages, are not recoverable damages pursuant to the economic loss doctrine as set forth in the applicable law of the State of Nevada.

///

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped from asserted claims for damages due to the conduct of RYAN WINCHELL.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from asserting claims for damages based upon the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Any verdict or judgment rendered against Defendant is subject to and must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as Social Security or employee benefit programs.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs may have failed to mitigate their damages as required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's duties to Plaintiffs, if any, were satisfied and discharged due to the conduct of RYAN WINCHELL.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to plead any claims of fraud with particularity as required by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and damages, if any, are barred under the defense of frustration of purpose.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and damages, if any, were the result of RYAN WINCHELL'S unrelated, pre-existent or subsequent conditions unrelated to Defendant's treatment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The injuries, if any, allegedly suffered by Plaintiffs as set forth in their Complaint were caused in whole or in part by the negligence of a third party or third parties over which FRESH START had no control.

### SIXTEENTH AFFIRMATIVE DEFENSE

The damages, if any, alleged by Plaintiffs were not the result of any acts of omission, commission, or negligence, but were the result of a known risk, which was consented to by Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

That it has been necessary for FRESH START to employ the services of an attorney to defend this action and a reasonable sum should be allowed FRESH START for attorneys' fees, together with costs of suit incurred herein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

FRESH START is not jointly liable with any other entities that may or may not be named in this action, and will only be severally liable for that portion of Plaintiffs' claim that represents the percentage of negligence attributable to FRESH START, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are limited or prohibited by Nevada law and by the Constitution of the United States.

### TWENTIETH AFFIRMATIVE DEFENSE

At all times mentioned herein, FRESH START acted reasonably and in good faith with regard to the acts and transactions which are the subject of this lawsuit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

All risks and hazards involved in the factual situation described in the Complaint were known to Plaintiffs, and said Plaintiffs voluntarily assumed said risks and dangers.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any claim of Plaintiffs is barred by laches of Plaintiffs in pursuing such claim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any claim of Plaintiffs is barred by the doctrine of waiver and estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

FRESH START hereby incorporates by reference those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the

1  applicability of such defenses, FRESH START reserves the right to seek leave of the c=Court to
2  amend this Answer to assert the same.  Such defenses are incorporated herein by reference for the
3  purpose of not waiving the same.

4  **WHEREFORE**, Defendant prays for judgment in its favor, costs, expert witness fees,
5  attorneys fees, and such other and further relief as the Court deems just and proper.'

Respectfully Submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By___/s/ David B. Avakian_____
DAVID B. AVAKIAN
Nevada Bar No. 009502
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
David.Avakian@lewisbrisbois.com
Attorneys for Defendant sued as
NARCONON FRESH START
d/b/a RAINBOW CANYON RETREAT

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 17th day of October, 2014, I did cause a true copy of the foregoing **DEFENDANT NARCONON FRESH START D/B/A RAINBOW CANYON RETREAT'S ANSWER** to be served via the CM/ECF electronic system to all parties on the service list.

By: __/s/ Peggy Kurilla_____
An Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

